**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| SPECTRUM PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE BUXTON HELMSLEY GROUP, INC., ALEXANDER ERWIN PARKER, and KELLIE ANN MOORE,<br><br>Defendants. | Civil Case No. 1:24-cv-12489<br><br>Hon. LaShonda A. Hunt |
| THE BUXTON HELMSLEY GROUP, INC., and ALEXANDER ERWIN PARKER,<br><br>Counterclaim and Third-Party Plaintiffs,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC.,<br><br>Counterclaim Defendant,<br><br>and<br><br>ASSERTIO HOLDINGS, INC., and BRENDAN P. O'GRADY,<br><br>Third-Party Defendants. | |

**<u>SPECTRUM'S SECOND EMERGENCY MOTION TO COMPEL COMPLIANCE WITH PRELIMINARY INJUNCTION</u>**

Plaintiff Spectrum Pharmaceuticals, Inc. ("Spectrum") respectfully brings to the Court's attention a second violation of the Court's Preliminary Injunction Order by Defendant Kellie Ann Moore ("Moore") through her filing of Spectrum Confidential information on the public docket in her "Addendum to Update Exhibits Attached to Defendant's Motion for a Sixty-Day Extension of Time," earlier today (ECF No. 139). In support of the motion, Spectrum respectfully states as follows:

1. In this lawsuit, Spectrum sued Moore to prevent further unlawful disclosure of non-public documents and information that Moore obtained from Spectrum during her tenure as in-house counsel at the company. (ECF No. 1.)

2. On June 5, 2025, the Court entered a preliminary injunction order prohibiting Moore from "directly or indirectly using, disclosing, or publishing Spectrum's confidential and proprietary documents," "including . . . Spectrum internal documents or materials Moore possesses or retained following her termination from Spectrum, and any information derived therefrom, in whatever form." (ECF No. 96 at 10–11 & n.7.)

3. On July 29, 2025, the Court denied reconsideration on its preliminary injunction order and reiterated that the Order applied to Moore. (ECF No. 122.)

4. On September 15, 2025, Moore filed on the public docket documents purporting to reveal even more non-public information that she obtained in her role as Spectrum's counsel. (ECF No. 133, 134.)

5. On September 17, 2025, Spectrum filed a Motion for Show Cause Order and for Civil Contempt against Moore for, among other things, her failure to comply with the preliminary injunction order. (ECF No. 136.)

6. The Court set this matter for a hearing on September 24, 2025. (ECF No. 138.)

7. On September 18, 2025, Moore filed on the public docket a so-called "Addendum to Update Exhibits Attached to Defendant's Motion for a Sixty-Day Extension of Time," which includes several exhibits that purport to be non-public Spectrum internal documents. (ECF No. 139.)

8. Moore's public filing of Spectrum confidential materials is in direct violation of the Court's preliminary injunction order, as well as her fiduciary and contractual duties to Spectrum which form the basis of Spectrum's claims against her.

9. As the Court found in its preliminary injunction order, irreparable and serious injury is likely to result to Spectrum from Moore's publication of confidential Spectrum information, especially when posted with no context except for Moore's (incorrect) commentary.

10. Moore has taken it upon herself to attempt an end-run around the injunction order, and given that she admits that she possesses "thousands and thousands" of Spectrum documents ECF No. 133 at 12, there is every reason to believe she will continue this course of conduct. The Court should enter an order prohibiting Moore from attaching confidential Spectrum information to, or quoting the substance of such confidential information in, any of her public filings in this case, without first seeking and obtaining leave of Court. Any such materials should be submitted to the Court only under seal to prevent further harm to Spectrum.

WHEREFORE, Spectrum respectfully requests that for the reasons stated, the Court grant this motion and award Spectrum the relief requested herein.

Dated: September 19, 2025

**BAKER BOTTS L.L.P.**

*/s/ Kevin M. Sadler*_______________
Kevin M. Sadler (*pro hac vice*)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
(650) 739-7500

Scott D. Powers (*pro hac vice*)
401 South 1st Street, Suite 1300
Austin, Texas 78704
(512) 322-2500

John B. Lawrence (*pro hac vice*)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
(214) 953-6873

James J. Beha II (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
(212) 408-2500

*Counsel for Plaintiff Spectrum Pharmaceuticals, Inc.*