**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SPECTRUM PHARMACEUTICALS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 24 C 12489** |
| | ) | |
| **v.** | ) | **Magistrate Judge** |
| | ) | **Maria Valdez** |
| **THE BUXTON HELMSLEY GROUP, INC., ALEXANDER ERWIN PARKER, and KELLIE ANN MOORE,** | ) | |
| | ) | |
| **Defendants.** | | |

**ORDER**

This matter is before the Court on Defendant Kellie Ann Moore's Motion for Protective Order Regarding Whistleblower Evidence and Federal Regulatory Materials (Doc. No. 207) and Plaintiff's Motion to Compel Production and for Sanctions (Doc. No. 227). For the reasons that follow, Defendant Moore's motion is denied, and Plaintiff's motion is granted in part.

**BACKGROUND**

Spectrum claims that Moore violated her contractual and fiduciary duties to it by disclosing Spectrum's alleged confidential information to Defendants BHG and Parker. Spectrum previously filed a motion to compel against Moore (Doc. No. 184), which this Court granted (Doc. No. 203). In Moore's opposition to the previous motion, she claimed she was subject to whistleblower and various other statutory protections, that Spectrum's litigation is "retaliatory," and that a forensic neutral

needed to examine any equipment before it was produced to Spectrum to create a forensic image. (*See* Docs. Nos. 198, 200.) This Court granted the previous motion over these objections, ordered Moore to provide her discovery responses no later than April 1, 2026, and explained that if she withheld any document or communication on privilege grounds, she must produce a privilege log concurrently with her discovery responses. (*See* Doc. No. 203.)

That same day, the parties also had a hearing before District Court Judge Hunt on a number of issues. In that hearing, Judge Hunt explained to Moore that "[t]his is not a lawsuit about . . . whether you are a whistleblower." (March 18, 2026 Judge Hunt Hearing Tr. at 8:13-20.) "The only issues in this case are about whether you have breached your duties as a licensed attorney as a -- per your employment agreement with respect to your handling of confidential information. That's it." (*Id.* at 13:22-25.)

On March 31 (the day before Moore's discovery responses were due), Moore filed the instant Motion for Protective Order Regarding Whistleblower Evidence and Federal Regulatory Materials (Doc. No. 207). In the motion, Moore requested a variety of relief amounting to "judicial oversight to prevent Spectrum from obtaining [certain evidence][] without protective and preservation safeguards." (*Id.* at 2.)

On April 14, Spectrum filed a Motion to Compel against Moore for (1) failing to produce the evidence she was ordered to produce in response to its previous motion to compel, (2) for failing to produce the responsive documents identified on a

"preliminary privilege log" Moore provided, which Spectrum claims is "facially deficient and frivolous," and (3) to award it fees for the filing of the motion. (Doc. No. 227 at 1-2.)

## DISCUSSION

### I. Defendant Kellie Ann Moore's Motion for Protective Order Regarding Whistleblower Evidence and Federal Regulatory Materials

"[T]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good cause "generally signifies a sound basis or legitimate need to take judicial action," and "is established by showing that disclosure will cause a clearly defined and serious injury." *Hobley v. Chicago Police Commander Burge*, 225 F.R.D. 221, 224 (N.D. Ill. 2004).

Moore lists five independent grounds as predicates for her requests in her Motion for Protective Order. (Doc. No. 207 at 7-8.) First, she claims the sought evidence contains "evidence of potential federal regulatory violations" that Moore alleges she has reported to several federal agencies, invoking The False Claims Act (31 U.S.C. § 3730(h)), the Dodd-Frank Act (15 U.S.C. § 78u-6(h)), and the Food, Drug, and Cosmetic Act (21 U.S.C. § 399d). (*Id.* at 6-8.) Second, she claims she has doubts about whether the evidence will survive in Spectrum's custody. (*Id.* at 8.) Third, she notes that Spectrum only filed the instant lawsuit after Moore allegedly reported it to federal agencies. (*Id.*) Fourth, she claims a forthcoming False Claims Act complaint will require certain evidence to be kept under seal. (*Id.*) Fifth, she

contends that the purpose of the instant litigation is to retaliate against her. (*Id.*)

None of Moore's grounds constitute good cause. To the extent they rely on her alleged status as a whistleblower, as Judge Hunt has already noted, that issue is not before this Court. (*See* Hunt Tr. 8:13-20, 13:22-25.) Moreover, Moore cites no legal authority for the proposition besides the statutes themselves, and the statutes do not provide for the relief she seeks. *See* 31 U.S.C. § 3730(h) (providing for the relief of "reinstatement with the same seniority status that employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees"); 15 U.S.C. § 78u-6(h) (providing for the relief of "(i) reinstatement with the same seniority status that the individual would have had, but for the discrimination; (ii) 2 times the amount of back pay otherwise owed to the individual, with interest; and (iii) compensation for litigation costs, expert witness fees, and reasonable attorneys' fees"); 21 U.S.C. § 399d (providing for the relief of "(i) reinstatement with the same seniority status that the employee would have had, but for the discharge or discrimination; (ii) the amount of back pay, with interest; and (iii) compensation for any special damages sustained as a result of the discharge or discrimination, including litigation costs, expert witness fees, and reasonable attorney's fees"). Moore's remaining grounds are either speculative or irrelevant. For these reasons, Moore's Motion for Protective Order Regarding Whistleblower Evidence and Federal Regulatory Materials (Doc. No. 207) is denied.

## II. Plaintiff's Motion to Compel Production and for Sanctions (Doc. No. 227)

With respect to Plaintiff's Motion to Compel Production and for Sanctions (Doc. No. 227), the Court will not revisit the standard for compelling a litigant to comply with discovery requests, because the Court has already ordered Moore to comply as a result of Spectrum's previous motion to compel. Giving Moore the benefit of the doubt, the only colorable bases for general noncompliance were those raised in her Motion for a protective order. That motion having been denied, Moore is ordered to produce documents responsive to Spectrum's requests within seven days of the date of this order, as well as her initial disclosures.

With respect to documents Moore has withheld as privileged, any purported "whistleblower privilege" has been overruled. Moore may only withhold as privileged only attorney-client communications between her and any attorney representing her. "The attorney-client privilege exists only if an attorney-client relationship exists" *Vaccaro v. MSG (Illinois), Inc.*, 789 F. Supp. 924, 927 (N.D. Ill. 1992). If Moore withholds any documents based on attorney-client privilege, per this Court's procedures, she must provide a privilege log that includes "(1) the name and capacity of each individual from whom or to whom a document and any attachments were sent (including which persons are lawyers); (2) the date of the document and any attachments; (3) the type of document; (4) the Bates numbers of the documents; (5) the nature of the privilege asserted; and (6) a description of the subject matter in sufficient detail to determine if legal advice was sought or revealed, or if the document constitutes work product."

To the extent Moore has withheld any documents based on the work product doctrine, "[f]actual information may not be withheld under the work product doctrine." *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 478 (N.D. Ill. 2002). If the documents contain Moore's "mental impressions, conclusions, opinions, or legal theories," she may redact those portions. *See* Fed. R. Civ. P. R. 26(b)(3)(B)). The Court expressly makes no ruling on the propriety of such redactions. As for any documents she has withheld due to a purported "common interest privilege," the Court reserves ruling on those documents, but directs Moore to revisit each such document in light of the facts that (1) such documents must independently be subject to the attorney-client privilege or work product doctrine, and (2) the common interest between the parties purportedly sharing the interest must be "identical, not similar, and be legal, not solely commercial." *In re Dealer Mgmt. Sys. Antitrust Litig.*, 335 F.R.D. 510, 515 (N.D. Ill. 2020).

Finally, regarding Spectrum's request for fees, the Court denies that request at this juncture, but Moore is advised that if Spectrum must bring a motion for failure to fully comply with this order, the Court will strongly consider awarding it the costs of such motion.

## **CONCLUSION**

For the foregoing reasons, Defendant Kellie Ann Moore's Motion for Protective Order Regarding Whistleblower Evidence and Federal Regulatory Materials (Doc. No. 207) is denied, and Plaintiff's Motion to Compel Production and

for Sanctions (Doc. No. 227) is granted in part. Moore has seven days from the date of this order to produce the documents at issue consistent with this order.

**SO ORDERED.** **ENTERED:**

**DATE: May 21, 2026**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**