**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Spectrum Pharmaceuticals, Inc.
Plaintiff,
v.
Case No.: 1:24−cv−12489
Honorable LaShonda A. Hunt
The Buxton Helmsley Group, Inc., et al.
Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, June 3, 2026:

MINUTE entry before the Honorable Maria Valdez: Hearing held on Spectrum's Motion to Compel Production from Non−Party Blank Rome and Sanctions Against Defendant Moore [224] and Non−Party Blank Rome's Motion for Sanctions Against Defendant Moore [234]. Spectrum's motion is granted in part as follows: The Court finds that the "Moore Documents" are not subject to any valid privilege. Blank Rome avers that the Moore Documents are not privileged, and BHG and Parker disavow any common interest between them and Moore at the time the documents were transmitted to Blank Rome. "The party seeking to invoke the protection of a privilege, or discovery opponent, has the burden of establishing all of its elements." Allendale Mut. Ins. Co. v. Bull Data Sys., 145 F.R.D. 84, 86 (N.D. Ill. 1992). Moore does not meet her burden to demonstrate that the Moore documents are subject to any valid privilege. None of the statutes she cites provide any basis to withhold documents in discovery. With respect to the attorney−client privilege and common interest privilege, which is merely an extension of the attorney−client privilege, "[t]he attorney−client privilege exists only if an attorney−client relationship exists," and Blank Rome avers that it did not have an attorney−client relationship with Moore. See Vaccaro v. MSG (Illinois), Inc., 789 F. Supp. 924, 927 (N.D. Ill. 1992). With respect to the work product doctrine, Moore was not BHG/Parker's attorney, and Blank Rome was not Moore's attorney, so the doctrine does not apply. Regardless, Moore fails to adequately develop any of her arguments. For example, in the Seventh Circuit, a communication is subject to the attorney−client privilege: quot;(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." U.S. v. Lawless, 709 F.2d 485, 487 (7th Cir. 1983). But Moore does not provide the elements of the attorney−client privilege or discuss how those elements are satisfied. For these reasons, Blank Rome is ordered to comply with the subpoena. Spectrum's request to depose Blank Rome, however, is denied without prejudice. Both Spectrum's and Blank Rome's requests for sanctions against Moore are taken under advisement, and the Court will rule on those requests by mail. Mailed notice. (kp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.