IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SPECTRUM PHARMACEUTICALS, INC., ) No. 24 C 12489
)
Plaintiff, )
)
vs. )
)
THE BUXTON HELMSLEY GROUP, INC., )
ALEXANDER ERWIN PARKER, and )
KELLIE ANN MOORE, ) Chicago, Illinois
) June 3, 2026
Defendants. ) 10:07 a.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MARIA VALDEZ, MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff: BAKER BOTTS LLP
BY: MR. KEVIN M. SADLER
101 California Street, Suite 3200,
San Francisco, California 94111

BAKER BOTTS LLP
BY: MR. SCOTT D. POWERS
MR. ANDREW B. SWALLOWS
401 South 1st Street, Suite 1300,
Austin, Texas 78704

For Defendants Buxton Helmsley Group and Alexander Erwin Parker: CHUHAK & TECSON, P.C.
BY: MR. TAE Y. KIM
120 South Riverside Plaza, Suite 1700,
Chicago, Illinois 60606

PATRICK J. MULLEN
Retired Official Court Reporter
United States District Court
219 South Dearborn Street
Chicago, Illinois 60604
(708) 935-1931
* * * * *
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

APPEARANCES: (Continued.)

For Subpoena Respondents Blank Rome LLP and Eamon O'Kelly: BLANK ROME LLP
BY: MS. ALLISON N. POWERS
MS. LACHANDA R. REID
444 West Lake Street, Suite 1650,
Chicago, Illinois 60606

(Proceedings in open court.)

THE CLERK: 24 C 12489, Spectrum Pharmaceuticals, Inc. versus Buxton Helmsley Group, Inc., et al.

MR. SADLER: Good morning, Your Honor.

THE COURT: All right. Good morning. Let's get appearances, please.

MR. SADLER: For the plaintiff, Your Honor, Kevin Sadler of Baker Botts with -- pardon me -- with my colleagues, Scott Powers and Andrew Swallows.

THE COURT: All right.

MR. SADLER: And Mr. Powers is prepared to speak to the Court on the pending motion.

THE COURT: All right. Mr. Powers is up for that?

MR. POWERS: Yes, Your Honor.

THE COURT: All right.

MR. POWERS: Yes, Your Honor.

THE COURT: Okay. And?

MR. KIM: Good morning, Your Honor. Tae Kim for Buxton Helmsley and Mr. Alexander Parker.

THE COURT: Mr. Kim.

MS. POWERS: Good morning, Your Honor. Allison Powers on behalf of material witness Blank Rome, a non-party.

THE COURT: All right.

MS. REID: Good morning, Your Honor. Lachandra Reid also on behalf of material witness Blank Rome, a non-party.

THE COURT: Okay. So who's going to take the lead for the non-party?

MS. POWERS: I will, Your Honor.

THE COURT: Okay. Go ahead and take the podium there.

(Pause.)

THE COURT: All right. We are here on Spectrum's motion to compel Blank Rome to comply with -- well, I guess at least to comply with the subpoena that they issued, and we are here on Blank Rome's motion for sanctions against defendant Moore. As you can see, defendant Moore is not present. I think she requested a continuation of this. The Court denied that. Anyway, here we are.

Let me ask some prefatory questions because I want to make sure that I completely understand the lay of the land. So at this stage Spectrum is only seeking the Moore documents from Blank Rome. Is that correct?

MR. POWERS: Yes, Your Honor.

THE COURT: Okay. And BHG/Parker is not asserting any privilege with respect to the Moore documents? I didn't get anything from you on that. Is that correct?

MR. KIM: I believe that's correct, Your Honor.

THE COURT: Okay. And Blank Rome asserts that there was no relationship between it and Moore that would give rise to any privilege that would result in the non-production of information. Is that correct?

MS. POWERS: Correct, Your Honor. Moreover, Ms. Moore specifically disclaimed the existence of an attorney-client relationship.

THE COURT: Right. Ms. Moore also includes information that there could be some common interest. Actually, it was more like under particular statutes that she would have been protected. Is that correct?

MS. POWERS: She has made a number of similar assertions, yes.

THE COURT: All right. Let me ask a few more questions, and maybe Mr. Kim may be the one to answer some of these. Ms. Moore asserts that there was some common interest agreement reached between BHG, Parker, and her, is that correct?

MR. KIM: Your Honor, I apologize. I do not know the answer to your question. I serve as local counsel, and I just filed my appearance.

THE COURT: And this is what happens, right?

MR. KIM: Yeah, that's -- yes.

THE COURT: So I don't have the answer to that.

MR. KIM: I cannot give you the answer.

THE COURT: But we do know that you have not asserted any privilege.

MR. KIM: I don't --

THE COURT: So I can derive from that lack of

assertion that there was no agreement between your client and Ms. Moore that would give rise to a privilege because you would have asserted that privilege, is that correct?

MR. KIM: I believe that's correct.

THE COURT: All right. All right. I think it's a lot simpler than I thought it was going to be. I don't think that anything that I've received from Ms. Moore -- and I want to make sure that the record is clear that the Court has reviewed Spectrum's moving papers, non-party Blank Rome's response and motion for sanctions, and I have reviewed defendant Kellie Ann Moore's opposition to Spectrum's motion to compel production from non-party Blank Rome LLP and for sanctions against the defendant Moore.

There is nothing in Ms. Moore's pleading that was filed on April 29th that provides the Court with any basis to say that the documents are privileged or protected from disclosure in any way. She does vaguely reference trade secrets, whistleblower immunity. She talks about a common interest privilege, but that privilege would have been with Parker and BHG, which they have disavowed. She also talked about a work product doctrine privilege by just citing it. So she has failed to carry her burden in this respect.

So the documents, the Moore documents are not protected by any privilege. So you can provide those documents pursuant to a lawful subpoena which has already been ordered.

MS. POWERS: Thank you, Your Honor.

THE COURT: All right. So what else do you need from me on that? The sanctions issue, because she's not present, I will probably rule by mail on that or determine if I need any further hearing on that.

MS. POWERS: There's also the issue of attorney Eamon O'Kelly's deposition.

THE COURT: Oh, yes. Tell me why you need that deposition --

MR. POWERS: So, Your Honor, in the --

THE COURT: -- because you were in the process, potentially, of getting some information from Ms. Moore during the normal discovery and the Court's orders to produce or to comply with discovery, right?

MR. POWERS: Well, hopefully.

THE COURT: All right.

MR. POWERS: Ms. Moore produced nothing in response to Your Honor's May 21st order, unfortunately. In the ordinary case, we would just resolve this by a stipulation where the parties would say we don't need somebody to prove up these documents that were transmitted to Mr. O'Kelly.

Regrettably, there's just no working out any agreement with Ms. Moore about anything. She's just not participating in discovery, which is why we asked the Court to enter the sanction against her of default. I would like to work out the

deposition issue by agreement. I just don't think we're going to be able to get there with the unfortunate --

THE COURT: So it's an authentication issue that you're concerned with.

MR. POWERS: It's an authentication issue.

THE COURT: Okay. I'm going to deny it without prejudice. You can reraise it at a later time, but right now I don't see the need for that. If we have to cross that road, then we will address it.

MR. POWERS: Okay.

THE COURT: All right.

MR. POWERS: Thank you, Your Honor.

MS. POWERS: And, Your Honor, certainly with production of the document -- the documents, we can enclose an affidavit.

THE COURT: All right.

MR. POWERS: And hopefully the affidavit will be enough to get past the deposition issue. Like I say, if Ms. Moore is in the case and not defaulted, this is going to be harder.

THE COURT: I heard you.

MR. POWERS: Understood. Thank you, Your Honor.

THE COURT: All right. Anything else from either side?

MS. POWERS: No, Your Honor.

THE COURT: All right. So the sanctions matter will be taken under advisement. All right. Thank you very much.

MR. POWERS: Thank you, Your Honor.

MS. POWERS: Thank you, Your Honor.

MR. KIM: Thank you, Your Honor.

(Proceedings concluded at 10:14 a.m.)

C E R T I F I C A T E

I certify that the foregoing is an accurate transcript produced from an audio recording of the proceedings in the above-entitled matter.

*/s/Patrick J. Mullen* *June 8, 2026*

Patrick J. Mullen
Retired Official Court Reporter