**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Spectrum Pharmaceuticals, Inc.

Plaintiff,

v.

Case No.: 1:24−cv−12489
Honorable LaShonda A. Hunt

The Buxton Helmsley Group, Inc., et al.

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, June 16, 2026:

MINUTE entry before the Honorable LaShonda A. Hunt: This matter is before the Court on self−represented Defendant Kellie Ann Moore's objections (Dkt. [278]) to Magistrate Judge Valdez' 6/3/26 order (Dkt. [270]) and her motion to stay production pending a ruling on those objections (Dkt. [279]). Magistrate judges "enjoy extremely broad discretion in controlling discovery." Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013); see also Sommerfeld v. City of Chicago, 252 F.R.D. 407, 409−410 (N.D. Ill. 2008) ("[M]agistrate judges are afforded broad discretion in the resolution of discovery disputes" and are "in a better position than this court to rule on discovery disputes."). As a result of this broad discretion, Federal Rule of Civil Procedure 72(a) provides that a Court should limit modification of a Magistrate Judge's order to determinations that are "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); Domanus v. Lewicki, 742 F.3d 290, 295 (7th Cir. 2014); CSI Worldwide, LLC v. TRUMPF, Inc., No. 18 C 05900, 2025 WL 517910, at *2 (N.D. Ill. Feb. 18, 2025). Here, Judge Valdez granted Plaintiff's motion to compel production of certain documents relating to Defendant Moore (as defined in the briefs, the "Moore Documents") from non−party Blank Rome on the basis that Defendant Moore did not meet her burden to show that the Moore Documents are subject to any valid privilege, including any privileges under the common interest doctrine because Parker and BHG disavowed it and under the work−product doctrine because Moore had failed to carry her burden as the party seeking to assert the privilege. (Dkts. [270], [280] at PageID # 3610). Having conducted a de novo review of the underlying filings, the 6/3/26 order, Defendant Moore's objections, and the 6/3/26 transcript, this Court finds that none of Judge Valdez' rulings are clearly erroneous or contrary to law. Indeed, although BHG/Parker previously asserted privilege under the common interest doctrine (Dkt. [262] at PageID # 3486−3487), counsel stated on the record at the 6/3/26 hearing that BHG/Parker was not asserting any privilege with respect to the Moore Documents. (Dkt. [280] at PageID # 3608−3610). As to the work−product doctrine, Defendant Moore's briefs failed to develop any meaningful argument, (Dkt. [235] at PageID # 2968), and she failed to appear at the 6/3/26 to offer further argument in support of her position, (Dkt. [280] at PageID # 3486). Thus, Magistrate Judge Valdez was well−within her discretion to conclude that Defendant Moore had not met her burden to establish any valid privilege, and her decision was neither "clearly erroneous" nor "contrary to law." For these reasons, Plaintiff's objection

(Dkt. [278]) is overruled and her motion to stay (Dkt. [279]) is terminated as moot. Mailed notice (gel,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.