**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SPECTRUM PHARMACEUTICALS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 24 C 12489** |
| **v.** | ) | |
| | ) | |
| **THE BUXTON HELMSLEY GROUP, INC.; ALEXANDER ERWIN PARKER; and KELLIE ANN MOORE,** | ) | **Magistrate Judge Maria Valdez** |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on Spectrum's Motion to Compel Production from Non-Party Blank Rome and Sanctions Against Defendant Moore. [Doc. No. 224.] The Court previously ruled on Spectrum's motion to compel, but the matter of sanctions was taken under advisement. For the reasons that follow, Spectrum's request for sanctions is denied, but sanctions are awarded against Moore and in favor of Blank Rome.

## BACKGROUND

Blank Rome was former counsel to Defendants Buxton Helmsley Group and Alexander Parker. Spectrum prepared a third-party subpoena to Blank Rome seeking communications between Blank Rome and Defendant Moore, communications between BHG/Parker and Moore, and all documents Blank Rome

received from Moore. Spectrum provided notice to all Defendants that it intended to serve the subpoena.

The same day that Spectrum notified Defendants, Moore sent an email to attorney Eamon O'Kelly, a partner at Blank Rome, in which she demanded the immediate return of all documents, materials, and information that she provided to Blank Rome, asserting that Blank Rome had no authority to produce, disclose, or make them available to Spectrum's counsel or to any other person or entity, and that she was not, and never had been, a client of O'Kelly's or of Blank Rome LLP in connection with this matter or any other matter. Moore demanded that Blank Rome return all the documents to her, that Blank Rome not produce the documents to any person or entity, explicitly demanded that Blank Rome not comply with the subpoena, and demanded that upon the return of the original documents, all copies be destroyed.

Moore also warned Blank Rome that if it did not comply, she would pursue "all available legal remedies," including moving for an injunction, moving for sanctions and a protective order, filing a complaint with the Disciplinary Committee of the Appellate Division of the Supreme Court of the State of New York, and filing a separate lawsuit against Blank Rome. She concluded the e-mail with a litigation hold notice. She attached to the email a letter with largely the same content, but that also demanded that O'Kelly certify, among other things, that she was never a client of his or Blank Rome's, and that all the documents had been permanently destroyed.

Because of Moore's demands and threats, Blank Rome advised Spectrum that it would not comply with the subpoena without a court order. Accordingly, Plaintiff filed a motion seeking (1) to compel Blank Rome to produce the documents and (2) requesting sanctions against Moore, including entry of a default judgment.

In its response to Spectrum's motion, Blank Rome stated that it did not generally oppose producing the requested documents, but it requested a court order clearly delineating the respective rights of all parties to the documents at issue. Blank Rome confirmed Spectrum's summary of Moore's threats, describing a series of additional communications from Moore beginning in February 2025 and continuing through April 2026, containing extortionate demands against Blank Rome if it failed to destroy the information Moore had sent the firm.

Moore's response to Spectrum's motion argued against the imposition of sanctions because (1) her conduct amounted to merely a "property-and-privilege assertion"; (2) the appropriate response from the Court to her conduct should be a "procedural correction"; (3) no party was harmed by her conduct, because Blank Rome ignored her demands; and (4) Spectrum's arguments for why Moore should be sanctioned are weak.

At the motion hearing set for June 3, 2026, counsel for Moore, BHG/Parker, and Blank Rome were in attendance; Moore did not appear. In the evening of June 2, Moore filed a motion to continue the hearing or appear by telephone or video, which the Court denied. The Court granted Spectrum's motion to compel in open court after a full hearing. But because Moore was not present, the Court declined to

hear arguments on the issue of sanctions against her, and the fully briefed motion was instead taken under advisement.

## DISCUSSION

If a motion to compel discovery is granted, courts must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless (1) the movant filed the motion before making a good faith attempt to obtain the information without court intervention; (2) the opposition to production was substantially justified; or (3) the award would be unjust under the circumstances. Fed. R. Civ. P. 37(A)(5)(a). Whether to award sanctions under Rule 37 is a matter for the court's discretion. *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001). Factors to be considered by the Court include "the gravity of the misconduct, the prejudice if any to the defendant, and whether the suit has any possible merit." *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *see Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998) ("The sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction."). Sanctions may also be imposed "pursuant to the court's inherent power . . . where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Emerson v. Dart*, 900 F.3d 469, 473 (7th Cir. 2018).

The Court finds that Moore's conduct directed toward Blank Rome is sufficiently egregious to warrant sanctions, and *sua sponte* awards sanctions under

both Rule 37 and its inherent authority. The gravity of Moore's misconduct is severe. Moore is a licensed attorney and thus understands that under no circumstances is it appropriate to demand another party spoliate evidence under threat of suit or the filing of a disciplinary complaint. *See Emerson*, 900 F.3d at 472-73 (affirming award of sanctions based on inherent authority where a plaintiff threatened potential witnesses in a social media post). Blank Rome – a third party to the litigation – suffered significant prejudice by begin forced to engage in unnecessary communications with Moore as well as needing to a response to a motion that was largely undisputed. Furthermore, Moore's defenses to an award of sanctions are conflicting and unpersuasive. *See Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 327 (N.D. Ill. 2009) (cited by *BCBSM, Inc. v. Walgreen Co.*, No. 20 C 1853, 2025 WL 2765327, at *5 (N.D. Ill. Sept. 29, 2025)) (explaining that the burden is on the party opposing sanctions "to prove that one of Rule 37's exceptions applies").

The Court therefore awards Blank Rome its fees incurred in responding to Spectrum's sanctions motion, to be paid by Moore. Blank Rome is directed to use billing judgment in its fee calculation and include only the time related to addressing Moore's objections, and not for arguments that may have been made on behalf of BHG/Parker. *See BCBSM, Inc. v. Walgreen Co.*, No. 20 C 1853, 2026 WL 63398, at *2 (N.D. Ill. Jan. 8, 2026) (describing the scope of fees compensable under Rule 37).

With respect to Spectrum, the Court declines to recommend that the District Court enter a default judgment or to impose any other sanction at this time. The sanction of dismissal is "to be used 'only in extreme situations.'" *In re Golant*, 239 F.3d at 937 (citation omitted). A court should not issue the sanction of dismissal "without due warning." *Spain v. Bd of Educ.*, 214 F.3d 925, 929-30 (7th Cir. 2000) (citation omitted). While Moore did obstruct Spectrum's efforts to obtain discovery, her truly outrageous conduct was directed toward Blank Rome. However, if Moore continues her pattern of failing to engage in the discovery process, sanctions may ultimately be justified, up to and including a recommendation that the District Court enter a default judgment against her.

## CONCLUSION

For the foregoing reasons, Spectrum's motion for sanctions [Doc. No. 224] is denied, but sanctions are awarded against Moore in favor of non-party Blank Rome. No later than June 30, 2026, Blank Rome shall submit a fee petition consistent with this order. Plaintiff may file a response to Blank Rome's fee petition no later than July 14, 2026.

**SO ORDERED.**

**ENTERED:**

**DATE: June 16, 2026**

Maria Valdez

**HON. MARIA VALDEZ**
**United States Magistrate Judge**