**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SPECTRUM PHARMACEUTICALS, INC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 24 C 12489** |
| **v.** | ) | |
| **THE BUXTON HELMSLEY GROUP, INC.; ALEXANDER ERWIN PARKER; and KELLIE ANN MOORE,** | ) | **Magistrate Judge Maria Valdez** |
| **Defendants.** | ) | |

## ORDER

This  matter is before the Court on Defendants The Buxton Helmsley Group, Inc.'s and Alexander Irwin Parker's ("BHG/Parker) Motion for Clarification [Doc. No. 285]. For the reasons that follow, the motion is denied.

## BACKGROUND

On March 24, 2026, Plaintiff served a subpoena on non-party law firm Blank Rome seeking documents including "All Communications related to Spectrum or Rolvedon between You and [defendant Kellie Ann] Moore"; and "All Documents related to Spectrum or Rolvedon that You received from Moore." [Doc. No. 224 at 3.] The subpoena was served on all defendants earlier that day.

Plaintiff filed a motion to compel Blank Rome to comply with the subpoena on April 14, 2026, and the Court ordered "[a]ny responses" to the motion to be filed by April 29, 2026. (4/14/26 Minute Order) [Doc. No. 225]. Blank Rome filed a brief in

response, stating that the "Moore Documents" it possessed were responsive to the subpoena and they were "not privileged or otherwise shielded from production."[1] (Blank Rome's Resp. at 5) [Doc. No. 234]. Defendant Moore also filed a response, but BHG/Parker did not. Among other things, Moore alleged that the documents were privileged because she and BHG/Parker entered into a common-interest agreement, and communications among Moore, BHG, Parker, and Blank Rome attorneys fell within common-interest protection.

On June 3, 2026, the Court held a brief hearing[2] and concluded that defendant Moore had failed to meet her burden of demonstrating that the Moore Documents were protected by any privilege and thus granted Plaintiff's motion to compel Blank Rome to produce them. Moore filed objections with the District Judge a week later, and they were denied on June 16, 2026. The following day, BHG/Parker filed the present motion for clarification.

## **DISCUSSION**

Although styled as a motion for clarification, BHG/Parker do not ask the Court to clarify the June 3 order. Instead, BHG/Parker seek to clarify their position with respect to the underlying motion to compel in an effort to persuade the Court to reconsider its prior order.

---

[1] Blank Rome's reluctance to produce the documents was based on certain assertions Moore made to the firm; those concerns are not relevant here.

[2] Defendant Moore did not appear. She made a request to reset the hearing the night before but did not substantiate the request until after it was concluded. Because Moore was not present, the Court asked a few clarifying questions, but a full hearing was not deemed necessary. The in-court ruling primarily relied on the moving papers and responses.

The motion does not cite the standard for reconsideration. But because the discovery order was not a final judgment, a motion to reconsider would be brought pursuant to Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). While a motion to reconsider an interlocutory order need not meet all the requirements of a motion brought pursuant to Rule 59 or 60, there is "a strong presumption that a court ought not to revisit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants reexamination." *Tyrer v. City of S. Beloit*, 516 F.3d 659, 663 (7th Cir. 2008) (internal quotations and citations omitted); *see also LG Elecs. v. Whirlpool Corp.*, No. 08 C 242, 2009 WL 5579006, at *1 (N.D. Ill. Nov. 23, 2009) ("[U]nder Rule 54(b), a court may correct clear errors of fact or law in an interlocutory order."). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). Rather, "[i]t is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto*, 224 F.3d at 606; *see also Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 732 (7th Cir. 1999) (explaining that to justify reconsideration, newly offered evidence must be (1) discovered after the prior order was entered; (2) discovered after due diligence; (3) not merely cumulative; (4) material; and (5) likely to change the outcome).

BHG/Parker's motion suggests the June 3 order was based on a manifest error of fact, namely that BHG/Parker disavowed a common interest privilege in the Moore Documents. They contend that newly retained local counsel misspoke when he affirmed that BHG/Parker were not asserting and/or had waived the common interest privilege. In support, BHG/Parker cite their own responses to Plaintiff's discovery requests. The responses contain general objections to the requests "to the extent" they seek documents protected by various privileges, including the common interest privilege. (*See, e.g.,* Spectrum's Mot. to Compel RFPs 1-7, Ex. 3 at 7-8) [Doc. No. 244-3]. BHG/Parker did not specify which privilege(s) protected any particular documents, nor did they provide a privilege log as required by Rule 26. *See* Fed. R. Civ. P. 26(b)(5)(A).

The Court concludes that BHG/Parker's assertion of the common interest privilege is not newly discovered information, nor is it material or likely to change the outcome. Most notably, the application of the common interest doctrine to the Moore Documents is not new information that could not have been introduced earlier. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). To the contrary, BHG/Parker had numerous opportunities to raise the matter with the Court but chose not to.

With respect to the underlying motion to compel Blank Rome, BHG/Parker had notice of the subpoena before it was served but did not move to quash. *See*

*Woorim Mach. Co. v. Overton Chicago Gear Corp.*, No. 21-CV-2102, 2025 WL 4056832, at *2 (N.D. Ill. Apr. 7, 2025) ("Generally, a party has standing to object to a subpoena to a non-party if the objecting party has a claim of privilege or the subpoena infringes on their legitimate interests.'") (citation omitted). The Court invited responses to the motion, but only Moore filed one. BHG/Parker apparently did not ask Blank Rome – its former counsel during the relevant time frame – to assert on its behalf that the Moore Documents were privileged, because Blank Rome's brief disclaimed any such protection. No motion to reconsider the Court's June 3 order was filed immediately after the hearing or after the minute order was entered the next day. BHG/Parker could have filed their own objection with the District Judge, but again they left Moore to take the laboring oar. Only after Moore's objections were overruled – two weeks after the order was entered, seven weeks after responsive briefs were due, and over twelve weeks after being served with a copy of the Blank Rome subpoena – did BHG/Parker raise the issue of the common interest privilege.

Going even further back, BHG/Parker failed to protect their alleged interests when Plaintiff moved to compel Moore to produce essentially the same documents. The motion, filed on February 26, 2026, included a request for "All Communications between You [Moore] and anyone at Blank Rome L.L.P. regarding Spectrum or Rolvedon" and documents she shared with Blank Rome. (Spectrum's Mot. to Compel, Ex. 1 at 5) [Doc. No. 184-1]. The Court again gave a schedule for "any" written responses, not just from Moore, but BHG/Parker did not file anything.

During the March 18, 2026, motion hearing, BHG/Parker's attorney – who was at the time their lead, not local counsel – raised no objections on BHG/Parker's behalf. (*See generally* 3/18/26 Hr'g Tr.) [Doc. No. 213]. After Plaintiff's motion to compel production of the Moore Documents was granted, BHG/Parker filed no motion to reconsider before this Court or objections with the District Judge.

BHG/Parker's marked disinterest in the Moore Documents is also why the "new" assertion of the common interest privilege would not have changed the outcome. The June 3 order was not predicated on local counsel's response to the Court's question about the applicability of the common interest doctrine. Noting that BHG/Parker had not asserted a privilege, the Court stated that "I can derive from that lack of assertion that there was no agreement between your client and Ms. Moore that would give rise to the privilege because you would have asserted that privilege, is that correct?" (6/3/26 Hr'g Tr. at 5:25-6:3) [Doc. No. 280]. Although he earlier demurred to the line of questions, counsel ultimately responded that "I believe that's correct." (*Id.* at 6:4.) This response gave the Court no new information and merely confirmed what was already clear from the record: BHG/Parker had never asserted a common interest privilege in the Moore Documents.

The outcome would also not have changed if the Court had considered that BHG/Parker had made general common interest objections in response to its own discovery requests from Plaintiff. The common interest doctrine prevents a waiver of privilege when information is disclosed to third parties who share a common litigation interest. *See Prevue Pet Prods., Inc. v. Avian Adventures, Inc.*, 200 F.R.D.

413, 417 (N.D. Ill. 2001). The doctrine does not create a privilege if the underlying communications themselves are not shielded. As a result, it is not enough to simply assert that there was a common interest agreement between two parties. Just as with any claim of attorney-client privilege, the party asserting it must show, for each communication, that it was made "(1) in confidence; (2) in connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship."[3] *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007); *see* Fed. R. Evid. 501; *see also* Fed. R. Civ. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."). It is inarguable that not all of the Moore Documents are privileged. (*See* Blank Rome's Resp. at 5) (explaining that the Moore Documents include Plaintiff's internal emails and other documents that originated with Plaintiff). Neither Moore nor BHG/Parker produced a privilege log or otherwise demonstrated which, if any, particular documents or communications were privileged in the first place, before the common

[3] The complaint presently alleges jurisdiction arising from diversity and a violation of a federal statute. Illinois state law's formulation of the attorney-client privilege is essentially the same as that of federal common law. *See Equity Residential v. Kendall Risk Mgmt., Inc.*, 246 F.R.D. 557, 563 (N.D. Ill. 2007) (explaining that the attorney-client privilege applies if "'the statement originated in the confidence that it would not be disclosed, was made to an attorney acting in his legal capacity for the purpose of securing legal advice or services, and remained confidential'") (citations omitted).

interest doctrine could even be considered. BHG/Parker's belated suggestion that they have maintained the common interest privilege is not enough.

## CONCLUSION

For the foregoing reasons, Defendants The Buxton Helmsley Group, Inc.'s and Alexander Irwin Parker's ("BHG/Parker) Motion for Clarification [Doc. No. 285] is denied.

**SO ORDERED.**

**ENTERED:**

**DATE: June 22, 2026**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**