**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SPECTRUM PHARMACEUTICALS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 24 C 12489** |
| | ) | |
| **v.** | ) | **Magistrate Judge** |
| | ) | **Maria Valdez** |
| **THE BUXTON HELMSLEY GROUP, INC., ALEXANDER ERWIN PARKER, and KELLIE ANN MOORE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on Spectrum's Motion to Compel Production from BHG/Parker Regarding RFPS 1-7 and to Modify Scheduling Order (Doc. No. 244), Spectrum's Motion to Compel Production from BHG/Parker Regarding RFPS 8-11 and Moore Regarding RFPS 10-13 (Doc. No. 247), and Spectrum's Motion to Compel Production from BHG/Parker Regarding RFPS 12-14 (Doc. No. 248). For the reasons that follow, Spectrum's motions are granted in part and denied in part without prejudice.

## BACKGROUND

Spectrum seeks to compel Defendants the Buxton Helmsley Group, Inc. and Alexander Parker to produce documents and communications responsive to 14 discovery requests. BHG/Parker has produced some documents with large swaths redacted based on assertions of privilege and refused to produce others, raising

objections of relevance, ambiguity/vagueness, proportionality, that the requests are duplicative, and that the documents are not in BHG/Parker's control. BHG/Parker also asserts that many documents are covered by the attorney-client privilege, the work product doctrine, or the common-interest privilege, and has produced some documents with redactions.[1] For some of the RFPs, BHG/Parker asserts it has produced all responsive documents.

Spectrum also seeks to compel Defendant Kellie Ann Moore to produce documents and communications responsive to four discovery requests. According to Spectrum, Moore served Spectrum with 26 pages of responses and objections and a privilege log, but has not produced any documents, and would not even confirm whether responsive documents exist. Moore did not file a brief in response to Spectrum's motions.

## LEGAL STANDARD

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

[1] As will be discussed, the common-interest privilege is actually a rule of non-waiver, and any such documents must independently be privileged.

A communication is subject to the attorney-client privilege if it is made (1) seeking legal advice (2) from a professional legal adviser in his capacity as such, (3) made in confidence (4) by the client. *See Allendale Mut. Ins. Co. v. Bull Data Sys.*, 145 F.R.D. 84, 86 (N.D. Ill. 1992). Documents that consist of information related to a party's attorney's litigation strategy are protected under the work product doctrine. *See id.* The common interest privilege is not a separate privilege but rather is a rule of non-waiver of the privilege over documents that are otherwise independently privileged. *See Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 731 (N.D. Ill. 2014); *McCullough v. Fraternal Ord. of Police, Chicago Lodge 7*, 304 F.R.D. 232, 240 (N.D. Ill. 2014). Any voluntary disclosure by the holder of the attorney-client privilege is inconsistent with the attorney-client privilege and thus waives the privilege. *U.S. v. Nat'l Ass'n of Realtors*, 242 F.R.D. 491, 493 (N.D. Ill. 2007).

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . expressly make the claim[] and . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2026 U.S. Dist. LEXIS 31684, *8-9 (N.D. Ill. Feb. 17, 2026).

## DISCUSSION

In Spectrum's Motion to Compel Production from BHG/Parker Regarding RFPS 1-7 and to Modify Scheduling Order, Spectrum seeks documents related to BHG/Parker's alleged improper procurement of Spectrum's confidential information from Moore, documents listed or described in the list BHG/Parker produced in compliance with the Court's preliminary injunction order, and BHG/Parker's Assertio stock purchase/trading history. In Spectrum's Motion to Compel Production from BHG/Parker Regarding RFPS 8-11 and Moore Regarding RFPS 10-13, it seeks from both BHG/Parker and Moore documents and communications relating to contracts or agreements between BHG/Parker and Moore. Finally, in Spectrum's Motion to Compel Production from BHG/Parker Regarding RFPS 12-14, it seeks documents and communications between BHG/Parker and its attorneys relating to certain Spectrum documents.

### I. The Documents BHG/Parker Claims Are Privileged

BHG/Parker claims that many of the documents Spectrum seeks are privileged. Indeed, BHG/Parker produced a privilege log identifying 474 documents, 183 of which are purportedly withheld under the attorney-client privilege, and the remaining 291 of which are withheld under only the common interest privilege.

As noted, one cannot withhold documents under the common-interest privilege unless the documents are otherwise independently privileged. BHG/Parker claims that the 291 documents "are in fact independently protected by the work product doctrine, the attorney-client privilege, or both," explaining that

they "include, among other things, drafts and communications prepared in anticipation of potential FCA litigation, as well as communications reflecting or transmitting legal advice from counsel." Thus, at least to the extent BHG/Parker lists any document on its privilege log as being covered by only the common interest privilege, the privilege log is facially deficient. BHG/Parker must therefore produce an amended privilege log specifying which of these documents, if any, are subject to a valid privilege within seven days of this order. *See United States ex rel. McGee v. IBM Corp.*, No. 11 CV 3482, 2017 U.S. Dist. LEXIS 51041, at *3-4 (N.D. Ill. Apr. 4, 2017) ("[C]ourts may [] order revisions to a privilege log without reviewing each disputed document."). BHG/Parker must ensure that every document that it believes is subject to a valid claim of privilege is included on this log and must ensure that no document that is not subject to a valid claim of privilege is included.

In addition, BHG/Parker is admonished to revisit each purportedly privileged document it is withholding to determine whether it is in fact privileged or subject to the work product doctrine consistent with the elements of those respective privileges and that any such privilege has not been waived through voluntary disclosure with an anyone who is not BHG/Parker's attorney, including any drafts of the agreement between it and Moore. If BHG/Parker determines that any document was erroneously included on the original privilege log and should have been produced, it shall do so within seven days of this order. The Court notes that BHG/Parker has never claimed that Moore is or has ever been its attorney.

Although Moore never filed a response brief concerning these motions, the documents Spectrum seeks from Moore are identical to some of the documents Spectrum seeks from BHG/Parker. Because the Court has not yet adjudicated whether those documents are subject to a valid privilege, the Court will not compel Moore to produce them at present.

Finally, with respect to the redactions, BHG/Parker may not redact information that would be required to include in its privilege log. The Court declines BHG/Parker's invitation to review these documents *in camera* at this time. Rather, BHG/Parker shall review the redactions to ensure they are appropriate. The Court notes that BHG/Parker has acknowledged that "some redactions may have been overly broad." Thus, Spectrum's motion to compel the production of any document BHG/Parker withheld or redacted based on a claim of privilege is denied without prejudice at this time.

## II. BHG/Parker's Other Objections

BHG/Parker has also objected to many of Spectrum's requests on grounds of relevance, proportionality, and overbreadth, among other things. As Spectrum notes, BHG/Parker's complaints about temporal scope are misplaced, as the requests are necessarily limited to approximately the last two years, which the Court deems reasonable.

The Court also finds that any communications related to Spectrum or Rolvedon are relevant and proportional to the needs of the case. Similarly, documents showing trading history involving Assertio stock by BHG/Parker or any

company affiliated with it or under its control are relevant and proportional. While the Court has not yet ruled on whether drafts of the agreement between BHG/Parker and Moore are subject to a valid claim of privilege, it does find that they are relevant and proportional. If, in re-reviewing its claims of privilege, BHG/Parker determines that those documents are not privileged, it shall produce them as well.

Therefore, Spectrum's motion is granted with respect to any document BHG/Parker has not produced based on its objections on any grounds other than privilege, and BHG/Parker must produce the documents at issue within seven days of this order.

## III. Spectrum's Request to Extend Discovery

Spectrum has also requested that the Court modify the scheduling order for the limited purpose of allowing Spectrum 60 days to conduct any deposition(s) or seek additional discovery related to the documents sought in these motions because it claims BHG/Parker's failure to produce documents has hamstrung Spectrum's ability to conduct depositions or additional discovery. Spectrum's request came before the close of discovery, and thus, it must demonstrate that good cause exists to modify the schedule. *See Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 589 (7th Cir. 2012). The Court finds that good cause exists to extend the discovery schedule to allow Spectrum to conduct additional depositions and discovery, but because the Court has not yet adjudicated the privilege issues, it will extend

discovery for an additional 90 days from the date of this order to October 6, 2026. If Spectrum needs additional time beyond this, it should file the appropriate motion.

BHG/Parker requests that the extension apply to all parties because of a transition of counsel and the complexity of the privilege issues. BHG/Parker's request was made after the close of discovery, and therefore, it must demonstrate excusable neglect. *See id.* BHG Parker does not argue that it has met this more exacting standard. Thus, BHG/Parker's request to reopen discovery as to it is denied.

## CONCLUSION

For the foregoing reasons, Spectrum's Motion to Compel Production from BHG/Parker Regarding RFPS 1-7 and to Modify Scheduling Order (Doc. No. 244), Spectrum's Motion to Compel Production from BHG/Parker Regarding RFPS 8-11 and Moore Regarding RFPS 10-13 (Doc. No. 247), and Spectrum's Motion to Compel Production from BHG/Parker Regarding RFPS 12-14 (Doc. No. 248) are granted in part and denied in part without prejudice. BHG/Parker shall re-evaluate its claims of privilege, produce an amended privilege log, correct its redactions, and produce any non-privileged documents consistent with this order within seven days.

**SO ORDERED.**

**ENTERED:**

**DATE: July 8, 2026**

*Maria Valdez*

**HON. MARIA VALDEZ**
**United States Magistrate Judge**