**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SPECTRUM PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE BUXTON HELMSLEY GROUP, INC., ALEXANDER ERWIN PARKER, and KELLIE ANN MOORE,<br><br>Defendants. | Case No. 24 C 12489<br><br>Hon. LaShonda A. Hunt |

**ORDER**

Self-represented Defendant Kellie Ann Moore's objection ("Objection") (Dkt. 304) to Magistrate Judge Valdez's June 22, 2026 order ("Order") (Dkt. 290) is overruled.

Moore's Objection is untimely. Under Rule 72(a), an objection to a magistrate judge's order on a non-dispositive issue is due within 14 days after the objecting party is served with a copy of the order. Fed. R. Civ. P. 72(a). Judge Valdez's Order was entered on June 22, 2026, and Moore is deemed to have been served electronically upon entry pursuant to Rule 5(b)(2)(E) because her appearance form requested to receive electronic notice through email and waived her right to receive a paper copy of documents filed electronically in this case. (Dkt. 131). At any time, Moore can file a new appearance form withdrawing such request and waiver and instead receive paper copies of filings, but she has not done so to date. Thus, the deadline for her to object to the Order was 14 days later, July 6, 2026; however, she did not file her Objection until July 8, 2026, 2 days late. Moore did not seek an extension of time to file any objection. Furthermore, the deadline was not extended by either the pendency of her motions to stay production and for reconsideration (Dkts. 291, 296), which were filed on June 22, 2026, entered on the docket on June 23, 2026, and denied as moot on June 26, 2026 (Dkt. 300), or this Court's June 26, 2026 order, which stated, in part, that Moore's prior motions were "denied as moot, without prejudice to seeking relief from or objecting to Judge Valdez's 6/22/26 order [(Dkt. 290)] to the extent that Defendant Moore believes that she can do so in good faith and consistent with her ethical obligations, both as a licensed attorney and a litigant under Rule 11." Accordingly, Moore's Objection is overruled as untimely.

Even if the Objection were timely, it would be overruled on the merits.

First, Moore's argument that the Order was based on only one filing and a hearing she did not attend blatantly ignores the text of the Order. As Judge Valdez explained, her determination that "[D]efendant Moore had failed to meet her burden of demonstrating that the Moore Documents were protected by any privilege" was predicated, in part, on BHG/Parker's failure to assert a common interest privilege despite numerous opportunities to do so and, at the hearing, its

attorney's "response gave the Court no new information and merely confirmed what was already clear from the record: BHG/Parker had never asserted a common interest privilege in the Moore Documents." (Dkt. 290).

Second, Moore's attempt to place the blame for her failure to timely file or provide documents on technology issues with filing and email and accessing PACER does not merit serious consideration. Although self-represented parties are given some leeway, individuals who choose to represent themselves, request electronic service, and waive the right to receive paper copies must become competent with the necessary technology. Indeed, the lengthy docket in this case is replete with filings by Moore in the past year that she has been litigating this case. Any fault for late or missing filings due to a party's incompetence is attributable to the party, not the court or the clerk, and does not serve as a basis for reconsideration of an earlier ruling.

Third, Moore's work-product argument misses the mark. Based on this Court's review of the record, Judge Valdez did not reject Moore's assertion of privilege under the common interest framework but rather because Defendant Moore merely cited authority for the privilege but failed to develop relevant facts or argument on the issue.

Fourth, Moore's argument regarding medical evidence in support of her request for remote appearance is immaterial. Judge Valdez's orders have consistently and unequivocally stated that she does not allow remote and/or telephonic appearances, and she is well within her discretion to do so. Should a party be unable to attend a hearing in-person for any reason, including medical, their opportunity to be heard is through the papers, which Judge Valdez clearly considered in this instance.

Fifth, opposing counsel's statements on the record regarding Moore's failure to participate in discovery may have included some hyperbole for the sake of rhetorical argument, but the gist of the statements appears to be true—she has not complied with the court's rules and orders regarding discovery.

In sum, the Court finds no basis to conclude that Judge Valdez's June 22, 2026 order was clearly erroneous or contrary to law. Accordingly, for all the foregoing reasons, Moore's objection is overruled.

**DATED**: July 17, 2026

**ENTERED**:

LaShonda A. Hunt

LASHONDA A. HUNT
United States District Judge