**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Spectrum Pharmaceuticals, Inc.
Plaintiff,
v.
The Buxton Helmsley Group, Inc., et al.
Defendant.

Case No.: 1:24−cv−12489
Honorable LaShonda A. Hunt

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, August 10, 2026:

MINUTE entry before the Honorable Maria Valdez: Defendant Moore's Emergency Motion to Stay the Laptop−Turnover Provision of the Court's August 4, 2026 Order (ECF No. [327] ) and Partial Reconsideration of that Provision [332] is denied for the following reasons. Courts have inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Ropak Corp. v. Plastican, Inc., 2006 U.S. Dist. LEXIS 63224, *10 (N.D. Ill. Aug. 15, 2006) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Here, Plaintiff had already moved to compel Moore to produce her devices for inspection and copying twice, and the Court granted both motions. The first motion was granted on March 18, 2026, and Moore was ordered to comply by April 1, 2026. (See Doc. No. [203].) The second motion was granted on May 21, 2026, and Moore was ordered to comply within seven days. (See Doc. No. [250].) She did not comply with either order. Therefore, on August 4, 2026, the Court exercised its inherent authority to manage its own affairs so as to achieve the orderly and expeditious disposition of cases and ordered Moore to provide Plaintiff's counsel with the contact information, including name, phone number, and email address, of the third party who presently has possession of Moore's laptop so that the physical laptop can be turned over to Plaintiff within seven days, but allowed Moore to retain a copy of all the data stored on the laptop. The Court was aware that Plaintiff did not request the physical laptop, but rather requested the data contained therein. However, based on Moore's noncompliance, the Court believed physical surrender of the laptop from the third party to Plaintiff was the only way to ensure Plaintiff received the data. Thus, the Court did not "misunderst[and] a party,... ma[ke] a decision outside the adversarial issues presented to the Court by the parties, or... ma[ke] an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). To the extent Moore claims she did not have an opportunity to be heard on the issue, the Court ordered surrender of the laptop in open court, where Moore was present, and she argued that it should not be turned over. Therefore, she was heard on the issue. With respect to the privilege concerns raised by Moore, the Court included an order under Federal Rule of Evidence 502(d) allowing Moore to attempt to claw back any such documents. Moore's concern that this does not provide her any protection from the proverbial "unringing the bell" is without merit. First, the Court is unaware of Ms. Moore providing to the Plaintiff

or the Court any privilege log on any of the information contained in the laptop at any point during discovery. In fact, Plaintiff has argued in prior motions to compel that the laptop is Plaintiff's property, and Moore herself claims not to have accessed the laptop since 2019. (See Doc. No. [184]−2 at 1.) If true, any argument Plaintiff asserts on waiver of any privilege could hold water. Second, the Court is providing Moore with at least an argument that privileged information might exist by utilizing the mechanism of Rule 502. Moore may or may not be able to sustain such an argument, but that will be determined on another day. For these reasons, Moore's emergency motion is denied, and she must provide Plaintiff's counsel with the contact information, including name, phone number, and email address, of the third party who presently has possession of the laptop, and the physical laptop shall be turned over to Plaintiff within seven days of the original August 4, 2026 order, which is August 11, 2026. Mailed notice. (kp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.