**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SPECTRUM PHARMACEUTICALS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 24 C 12489** |
| | ) | |
| **v.** | ) | **Magistrate Judge** |
| | ) | **Maria Valdez** |
| **THE BUXTON HELMSLEY GROUP, INC., ALEXANDER ERWIN PARKER, and KELLIE ANN MOORE,** | ) | |
| | ) | |
| **Defendants.** | | |

**ORDER**

This matter is before the Court on Non-Party Blank Rome LLP's Petition for Fees Granted by Court Order (Doc. No. 302). For the reasons that follow, the petition is granted in part and denied in part.

On April 14, 2026, Plaintiff filed a Motion to Compel Production from Non-Party Blank Rome and for Sanctions Against Defendant Moore (Doc. No. 224). On June 3, the Court ruled on the portion of the motion seeking to compel Blank Rome to comply with the relevant subpoena. (Doc. No. 270.) On June 16, the Court denied Plaintiff's request for sanctions against Moore, but *sua sponte* awarded sanctions to Blank Rome under both Rule 37 and the Court's inherent authority. (Doc. No. 284 at 4-5.) Specifically, the Court awarded Blank Rome its fees incurred in responding to Plaintiff's motion, to be paid by Moore. (*Id.* at 5.) The Court also explicitly directed Blank Rome to "use billing judgment in its fee calculation and include only

the time related to addressing Moore's objections, and not for arguments that may have been made on behalf of BHG/Parker." (*Id.*)

On June 30, Blank Rome submitted its petition, attaching a declaration by Blank Rome partner Allison Powers (one of the attorneys involved in responding to Plaintiff's motion) and the time entries for work performed by Powers, of counsel Eamon O'Kelly, and associate Lachanda Reid. (Doc. Nos. 302, 302-1, and 302-2.) Several of the time entries were redacted. Pursuant to Court order, Blank Rome submitted an unredacted version for in camera review. The Court has reviewed the unredacted time entries.

The vast majority of the time entries do not specify that the time was spent addressing Moore's objections. As just one example, the first entry discusses reviewing Plaintiff's motion, reviewing other recent motions on the docket, emails regarding the same, and emails with Spectrum's counsel regarding accepting service and scheduling a meet and confer. Based on this narrative, it is impossible for the Court to determine how much of the 1.5 hours billed for this entry, if any, was spent addressing Moore's objections. There are entries that do not appear to concern Moore at all. There are some entries in which dealing with Moore is specified, but as part of a block billing entry where other non-Moore tasks are undertaken. The Court rejects all of these entries. There are also entries in which work is performed by one attorney, and then the same work is performed by another attorney. While there is nothing untoward about this in the abstract, the Court will not allow Blank Rome to bill twice for the same work in the context of a fee petition.

Of the 54.5 hours for which Blank Rome seeks to bill Moore, the Court can only identify with certainty 3.9 hours that fit within the parameters of the Court's instructions to Blank Rome.

As mentioned, Blank Rome submitted time entries for three different attorneys—a partner, an of counsel, and an associate. While the Court has no doubt that these three attorneys performed the work that appears in the entries, the Court finds that the issues raised by Moore were relatively straightforward such that a mid-level or senior associate could handle them. Therefore, the Court will multiply the 3.9 allowable hours only by the associate rate of $770 per hour that appears in the time entries, regardless of which attorney performed the work. This yields a final figure of $3003.

The Court rarely allows a second bite at the apple when it comes to fees petitions, and it will not do so here. Blank Rome is a sophisticated law firm, and the Court provided it with clear instructions. Thus, the Court will not entertain any motion to amend the fee petition.

For the foregoing reasons, Non-Party Blank Rome LLP's Petition for Fees Granted by Court Order (Doc. No. 302) is granted in part, and Blank Rome is directed to bill Moore a total of $3003 in fees for the work it performed relating to Plaintiff's Motion to Compel.

**SO ORDERED.** **ENTERED:**

**DATE: August 18, 2026**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**