**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SPECTRUM PHARMACEUTICALS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 24 C 12489** |
| | ) | |
| **v.** | ) | **Magistrate Judge** |
| | ) | **Maria Valdez** |
| **THE BUXTON HELMSLEY GROUP, INC., ALEXANDER ERWIN PARKER, and KELLIE ANN MOORE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Maria Valdez, Magistrate Judge.

This matter is before the Court for a report and recommendation on whether Defendant Kellie Ann Moore should face the sanction of default and for attorneys' fees as requested in Spectrum's Motion to Compel and for Sanctions Against Defendant Moore (Doc. No. 315). For the reasons that follow, the Court recommends that the District Court grant the Spectrum's request.

## BACKGROUND

Defendant Moore, a licensed attorney, is presently proceeding pro se, but she was represented by counsel until her attorneys withdrew at her direction on September 5, 2025. (*See* Doc. Nos. 124, 126, 128.) This case was referred to this Court on October 16, 2025 for discovery supervision. (*See* Doc. Nos. 153-54.) While there have been copious filing by Moore in this litigation, in the interest of brevity,

the Court will only address the discovery motions, orders, and motions for relief from those orders that are most relevant to the Court's recommendation.

Spectrum served its discovery requests on Moore on October 16, 2025. On February 26, 2026, Spectrum filed its first Motion to Compel against Moore explaining that she had not produced a single document or provided forensic images of two devices, one of which is a company-issued laptop that Spectrum provided to Moore when she was employed as a transactional attorney for Spectrum. (*See* Doc. No. 184.) She also had not served her initial disclosures or produced a privilege log, despite having asserted privilege in her objections to the requests. On March 18, following a hearing on the motion, this Court granted the motion and ordered Moore to produce the sought documents and a privilege log by April 1. She did not.

On April 14, Spectrum filed its second Motion to Compel against Moore (*See* Doc. No. 227.) Spectrum explained that Moore had still not produced a single document or the forensic images of the devices. Instead, she filed a Motion for Protective Order (*see* Doc. No. 207) and served amended objections and a deficient privilege log. On May 21, the Court denied Moore's motion, granted Spectrum's, and again ordered Moore to produce the documents within seven days. She did not.

The Court later learned that what she had been doing in the meantime was contacting her co-defendant's former counsel Blank Rome demanding that it return to her certain documents that were the subject of a subpoena and delete all copies from the firm's servers and threatening Blank Rome and attorney Eamon O'Kelly with sanctions and legal and disciplinary actions if they failed to comply. This

conduct forced Spectrum to file a Motion to Compel against Blank Rome. (*See* Doc. No. 224.) The Court held a hearing on June 3 but ruled on the briefs because Moore could not appear at the hearing due to an illness, having filed a motion to continue the hearing the day before, which the Court denied due to the last-minute nature of the request. The Court granted the motion and took under advisement Spectrum's request for sanctions against Moore. (*See* Doc. No. 270.) Moore later filed objections to that order (*see* Doc. No. 278), which the District Court overruled. (*See* Doc. No. 282.) On June 16, this Court denied Spectrum's request for sanctions, but *sua sponte* granted sanctions against Moore in favor of Blank Rome, finding Moore's conduct egregious, especially given that she is a licensed attorney. (*See* Doc. Nos. 283-84.)

Moore then filed a Motion for Reconsideration of the Orders at Doc. Nos. 270 and 282 (*see* Doc. No. 287; 296), which was ultimately denied by the District Court without prejudice to seeking relief from or objecting to this Court's June 22, order to the extent she could do so in good faith and consistent with her ethical obligations, both as a licensed attorney and a litigant under Rule 11. (*See* Doc. No. 300.) Moore filed that objection on July 8 (*See* Doc. No. 304), and the District Court overruled it on July 17. (*See* Doc. No. 310.)

On July 21, Spectrum filed its third Motion to Compel against Moore. (*See* Doc. No. 315.) Spectrum informed the Court that in the nine months since Spectrum served its discovery requests, Moore still had not produced a single document, served her initial disclosures, made the devices available for inspection, or amended

her privilege log. Spectrum asked this Court to recommend that the District Court enter default against Moore for her willful or bad-faith conduct throughout discovery. Indeed, Spectrum quoted an email it obtained from another party in discovery in which Moore told Defendant Parker that Spectrum "want[s] to drain what we know dry . . . NO – Not getting docs from us . . . NOPE." (*Id.* at 4.) It also noted that although Moore had represented to this Court that she was unable to access the complete case docket in multiple filings, this seemed to be a misrepresentation to the Court as Spectrum had obtained at least one document in which Moore sent Parker a pacermonitor.com link to this case.

On July 29, Moore filed a response brief in which she averred that on the same date her response was filed, she finally served her initial disclosures, produced 281 documents responsive to five of Spectrums requests, and promised to complete a rolling production by August 7. She claimed this largely mooted Spectrum's motion, despite the motion having been premised on the fact that she had been ordered to complete her production by April 21, not begin it on July 29 and complete it on August 7. She also requested a forensic protocol for production of the data on the devices, which this Court had already denied twice.[1] Finally, she argued that the sanction of default is not warranted because (1) she had now complied with the Court's prior order that he produce document (she had not) and (2) Spectrum had been able to obtain discovery from other parties.

---

[1] Moore had proposed a similar protocol in her response to Spectrum's first Motion to Compel (*see* Doc. No. 198). She also proposed the same protocol in a Motion for Protective Order (*see* Doc. No. 207). The Court denied both requests as an unnecessary complication to a fairly general discovery issue.

On July 31, Spectrum filed a reply brief in which it claimed that (1) Moore had not produced anything in response to six of its nine requests; (2) the production she had made was comprised of largely nonresponsive documents; (3) the few responsive documents had significant time gaps evidencing that she was still withholding responsive documents; and (4) she still had not produced the devices.

The Court held a hearing on Spectrum's third Motion to Compel on August 4. At the hearing, Moore proposed a "plan" to comply with the Court's previous orders. The Court explained that she had already not complied and no "plan" could cure that fact. She said that the 281 documents she had produced had taken her three days but could not provide a reasonable explanation why she had waited over four months from the Court's first order compelling her to produce documents to begin the process.

The Court granted the motion and ordered Moore to produce "every document that she ha[d] previously been ordered to produce" and to "provide Spectrum's counsel with the contact information, including name, phone number, and email address, of the third party who presently has possession of the laptop" so that "the physical laptop [could] be turned over to Spectrum." (Doc. No. 327.) Moore was given permission to retain a copy of all of the data stored on the laptop, and the Court entered an order under Federal Rule of Evidence Rule 502(d) allowing Moore to claw back any document subject to a valid claim of privilege. Moore was ordered to comply within seven days, by August 11. The Court did not rule on Spectrum's request for sanctions, but warned Moore that if she did not comply, she would face

sanctions. Finally, the Court directed Spectrum to file a status report by August 12 advising the Court on whether and to what extent Moore had complied.

On August 4, Moore filed a "supplemental statement" in which she largely repeated assertions she had made at the hearing on the motion, but which also now proposed completion of production by October 2. She also reraised the thrice-denied forensic protocol. The next day, the Court entered an order regarding the supplemental statement:

> Defendant Moore's Supplemental Statement [326] consists of the statements she offered at the hearing on Plaintiffs Motion to Compel and for Sanctions [315] addressed in court on August 4, 2026. Those statements made in Court were rejected as not in compliance with this Court's prior Orders compelling Defendant Moore to produce discovery in the time constrained by the Federal Rules of Civil Procedure (hereinafter "Rules") and by this Court's Orders granting Plaintiff's prior Motions to Compel. See Doc. Nos. [203]; [250]. Defendant Moore fails to apprehend that she is governed by the Rules and also equally compelled to follow this Court's Orders, and may not intentionally, or otherwise, disobey such Rules and Orders. She may want to have her own "timeline" for production, as would most litigants, but she has failed to follow the Rules and this Court's Orders and is entitled to no grace at this point.

(Doc. No. 328.)

On August 6, Moore filed an Emergency Motion to Stay the Laptop-Turnover Provision of the Court's August 4, 2026 Order (ECF No. 327) and Partial Reconsideration of that Provision. (*See* Doc. No. 329.) The Court struck the motion for failing to comply with the Court's emergency motion procedures (*see* Doc. No. 331), but Moore subsequently properly filed the motion on August 10. Moore argued that the Court's order that the laptop be turned over to Spectrum was in error because (1) Spectrum had never requested the physical laptop; (2) she had not had

an opportunity to be heard on the physical surrender of the laptop, and (3) the Rule 502(d) claw back order was insufficient to address her privilege concerns. The Court again denied the motion, explaining that it had exercised its inherent authority to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. The Court also explained that she was present at the hearing when the physical surrender was ordered, so she did have an opportunity to be heard. Finally, with respect to privilege, the Court explained that it was "unaware of Ms. Moore providing to the Plaintiff or the Court any privilege log on any of the information contained in the laptop at any point during discovery. In fact, Plaintiff has argued in prior motions to compel that the laptop is Plaintiff's property, and Moore herself claims not to have accessed the laptop since 2019." (Doc. No. 334.) Indeed, Moore herself did not argue at the August 4 hearing that she did not have possession of the laptop but instead stated that she had provided the laptop to a third party.

On August 11, Moore filed a motion with the District Court seeking a stay of this Court's order that the laptop be surrendered pending a ruling on the objection to the order that she filed concurrently. (*See* Docs. No. 336, 337.) On August 12, Spectrum filed its status report and advised that Moore had not complied in any respect. (*See* Doc No. 335.) She had not provided the contact information for the party in possession of the laptop and she had not produced a single additional document.

On August 21, the District Court denied Moore's Motion for Stay and overruled her objection. (*See* Doc. No. 344.) That same day, in light of the District

Court's order, this Court entered a minute order directing Moore to fully comply with the Court's August 4 order by no later than 5:00 p.m. on August 26 and informed her that if she did not, this Court would recommend default to the District Court. The Court directed Spectrum to file a status report by 5:00 p.m. on August 27 advising the Court as to whether Moore had complied.

On August 25, Moore filed a "notice of compliance" stating that she had provided the contact information of the third party who had possession of the laptop to Spectrum as ordered. (*See* Doc. No. 343.) She did not address whether she had complied with the Court's many orders that she complete her document production.

On August 27, Spectrum filed its status report. Spectrum explained that Moore did provide the contact information for the third party who had possession of the laptop and that Spectrum had obtained it. However, Moore still had not produced any documents. Additionally, although Moore had represented to Spectrum that she had made a copy of all the data on the laptop, Spectrum's technology vendor informed Spectrum that the laptop is in a hardware failure state and the data could not be recovered. Because of all of this, the Court issued a Rule to Show Cause and ordered Moore to appear on September 9 to explain why the Court should not recommend the sanction of default and the potential liability for costs and attorneys' fees to Spectrum for the motion practice expended on these discovery matters due to Moore's noncompliance with multiple court orders. (*See* Doc. No. 345.)

The next day, Moore filed a "supplemental notice of compliance" with the

Court's orders in which she stated, among other things, that her previous representation to Spectrum that she had retained a copy of the data from the laptop was not true. (*See* Doc. Nos. 346 and 347.) She did not explain why she made this false assertion to Spectrum and she again did not address whether she had completed her document production as ordered.

On September 8, the day before the Rule to Show Cause hearing, Spectrum filed a supplemental status report. (*See* Doc. No. 348.) Spectrum advised that it had confirmed that none of the data on the laptop was recoverable. It also provided a declaration from the third party who had been in possession of the laptop, Ed Rodieck. Rodieck averred that he had told Moore in May 2023 that his firm was unable to access the data on the laptop, but that there were further potential efforts that may be able to do so. He also had told Moore in April 2026, having undertaken those further efforts, he had determined that there was likely no recoverable data. With respect to Moore's document production, Spectrum explained that Moore had finally produced 2,188 documents, but that it had determined that some were missing.

The same day, Moore filed a status report of her own. (*See* Doc. No. 350.) In it, she largely confirmed Spectrum's assertions. She did acknowledge that she had identified 1,592 attachments to emails that she had not yet produced and asked the Court to set a deadline for that production.[2]

[2] Those documents were first due in November 2025, then ordered due on April 1, 2026, then again ordered due on May 28, 2026, then again ordered due on August 26. Thus, the Court had already provided numerous deadlines for these documents and declined to do so again, which would effectively be a grant of an extension to Moore, relief for which she had never filed a motion.

At the Rule to Show Cause Hearing on September 9, the parties largely rehashed the contents of their respective status report filed the day before and discussed issues that had previously been discussed, but there were a number of notable developments. First, Spectrum advised that just before midnight Moore had provided a supplemental production that included some of the missing documents, but not the attachments to emails. It also said it had determined that Moore had a personal laptop that contained Spectrum information that Moore had not disclosed in violation of the District Court's preliminary injunction order, so it had not yet been requested.

Moore first explained to the Court that she had experienced a learning curve with respect to document production and that her first document production took her three days.[3] When asked, she stated that she had not made any copy of the laptop data. She said that when she turned the laptop over to the third party she believed it was in working order but did not check.

Moore reiterated her previous claims that she did not have access to the docket. When confronted with the fact that she had sent an email with a link to a document on the docket as noted in Spectrum's third motion to compel, she stated that she had only recently gained access by contacting PACER directly but admitted that Spectrum had served its discovery requests on her in October 2025.

The Court explained to her yet again that she was out of compliance with her discovery obligations and multiple court orders. When asked why she had not

[3] The Court does not understand why she had waited months to produce any documents if her first production only took her three days.

complied, she said she had been trying to locate devices and documents and get organized. The Court noted that Moore is a lawyer and that she surely understands that compliance with court orders is not optional. She admitted not having met her discovery obligations and not having complied with this Court's orders. She also admitted to having additional documents that she still needs to produce.

While discussing the various devices Moore had produced, the Court asked her whether she had a personal laptop or a personal computer. She repeatedly denied having a personal laptop or computer. The Court told Moore that this assertion simply was not believable, but she repeated this assertion multiple times.[4]

Moore also said she is trying to comply and that she is not averse to completing her production. The Court asked her about the email to her codefendant in which she said, "Not getting docs from us . . . NOPE." Moore characterized this email as merely a "tantrum," but the Court noted that her conduct has been quite consistent with this position. In short, Moore has provided no reasonable explanation for why she is still out of compliance with this Court's orders, many her assertions strain credulity, and the Court can only reach the conclusion that she is not operating in good faith.

[4] Indeed, in her response to Spectrum's second Motion to Compel, Moore spent pages discussing how in February 2026, her computer failed and how she obtained a replacement in March. This was one of her excuses for her delay in responded to Spectrum's discovery requests. "The cumulative period during which Moore lost access to her files, was without a working computer, and was setting up and rebuilding a replacement system, meaningfully impaired her ability to prepare and timely submit filings throughout March 2026 and into early April 2026." (Doc. No. 236 at 4.)

## DISCUSSION

Federal Rule of Civil Procedure 37(b) provides that courts may issue sanctions for failure to comply with a court order, including rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi). Whether to award sanctions under Rule 37 is a matter for the court's discretion. *In re Golant (Golant v. Levy)*, 239 F.3d 931, 937 (7th Cir. 2001). Sanctions may also be imposed pursuant to a court's inherent power where there is a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016).

Courts are not required to choose the least severe sanction available, but "the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998). The sanction of default is "to be used only in extreme situations." *In re Golant*, 239 F.3d at 937 (citation omitted).

Here, the Court ordered Moore to produce *all* responsive documents, which includes the data on the devices, four times by dates certain: April 1, May 28, August 11, and August 26. She did not produce a single document until July 29 and, to the best of this Court's knowledge, still has not completed her production. She has blown every deadline set by this Court. At this point, the Court cannot infer any possible reason for Moore's noncompliance but willfulness or bad faith, as she has had over 10 months since her responses and production were originally due and four months since she was first compelled.

The Court has already sanctioned Moore by ordering her to pay Blank Rome's attorneys' fees in connection with her demands that they spoliate evidence. (*See* Doc. No. 340.) Neither the threat of sanctions nor the imposition of monetary sanctions have deterred Moore's egregious behavior. She has also been warned multiple times that she may face sanctions for failure to comply with the Court's orders compelling her to produce the documents. Moore has shown a "long pattern of obstruction," *Alston v. Deutsch Borse, AG*, 80 Fed. Appx. 517, 520 (7th Cir. 2003), and the Court can only reach the conclusion that the sanction of default is necessary, as Moore has proven that she has no intention of following the Rules of Civil Procedure or this Court's orders.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that the District Court grant the sanction of default as requested in Spectrum's Motion to Compel and for Sanctions Against Defendant Moore (Doc. No. 315). The Court also recommends that the District Court grant Spectrum's request for attorneys' fees relating to its filing of its third Motion to Compel, its subsequent status reports regarding Moore's compliance with any Court order relating to that motion, and its appearance at the September 9 Rule to Show Cause hearing. Moore has fourteen days from the date of service of this Court's Report and Recommendation to file objections with the District Court. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Tumminaro v. Astrue*, 671 F.3d. 629, 633 (7th Cir. 2011).

**SO ORDERED.** **ENTERED:**

**DATE: September 18, 2026**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**