**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SPECTRUM PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE BUXTON HELMSLEY GROUP, INC., ALEXANDER ERWIN PARKER, and KELLIE ANN MOORE,<br><br>Defendants. | Case No. 24 C 12489<br><br>Hon. LaShonda A. Hunt |

**CONSENT ORDER GRANTING PERMANENT INJUNCTION AND RULE 54(B) FINAL JUDGMENT AS TO BHG AND PARKER**

**WHEREAS**, Spectrum Pharmaceuticals, Inc. ("Spectrum" or "Plaintiff") has filed in this action a Complaint seeking permanent injunctive relief and damages (ECF No. 1) against Defendants The Buxton Helmsley Group, Inc. ("BHG") and Alexander Erwin Parker ("Parker"), (together, "BHG/Parker");

**WHEREAS**, based on the record of the proceedings in this case, the Court has concluded that it has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1332 as well as supplemental jurisdiction under 28 U.S.C. § 1367, that venue is proper in this Court under 28 U.S.C. § 1391, and that equitable relief is appropriate under the facts and circumstances of this case;

**WHEREAS**, Spectrum has asserted claims of tortious interference with contract and knowing participation in breach of fiduciary duty and has not asserted claims for alleged violations of federal or state securities laws;

**WHEREAS**, Spectrum and BHG/Parker have reached a compromise resolution of disputed claims and have, pursuant thereto, consented to entry of this Order;

**IT IS HEREBY ORDERED** that Spectrum shall have judgment on its claims against BHG/Parker as set forth herein.

**IT IS FURTHER ORDERED** that Spectrum's request for permanent injunctive relief is **GRANTED** as to BHG/Parker as follows:

1. Effective immediately and subject to the terms hereof, BHG and Parker, and their agents, and anyone acting on their behalf or subject to their direction or control, including, but not limited to, AKM Relations, Inc., are **ENJOINED** from directly or indirectly using, disclosing, or publishing any Spectrum document or information received, directly or indirectly, from Defendant Kellie Ann Moore ("Moore") or any former Spectrum employee, including, but not limited to, Maria Baravalle ("Baravalle"). This includes any Spectrum documents Moore or Baravalle retained following their termination from Spectrum, any other Spectrum internal documents or materials Moore or Baravalle possesses or retained following their termination from Spectrum, and any documents or information derived therefrom, in whatever form (the "Confidential Spectrum Materials").
2. BHG/Parker are hereby **ORDERED**, within 45 calendar days of this Order, to deliver to Spectrum, through its counsel of record in this civil action, all Confidential Spectrum Materials in BHG's or Parker's possession, custody, or control. To the extent that BHG/Parker still have a copy of the Confidential Spectrum Materials following delivery of such materials to Spectrum, then BHG/Parker will, within the later of 45 calendar days after this Order or the entry of final judgment disposing of all partes to this case (including exhaustion of appellate remedies), destroy any such remaining copies. For purposes of this Order, all Confidential Spectrum Materials that are within

the possession, custody, or control of the following persons are deemed to be within BHG/Parker's possession, custody, or control: BHG/Parker's agents and employees; any of BHG/Parker's current or prior counsel of record in this case; any other attorneys or other persons subject to BHG/Parker's direction or control; and BHG/Parker's affiliates or related companies (including, but not limited to, Buxton Helmsley Group, Inc., Buxton Helmsley Active Value Fund L.P., Buxton Helmsley Capital Partners, LLC, Buxton Helmsley Holdings, Inc., Buxton Helmsley, Inc., and AKM Relations, Inc.). Further, to the extent that any Confidential Spectrum Materials are beyond BHG/Parker's possession, custody, or control, BHG/Parker shall not request them, either directly or indirectly, nor shall BHG/Parker have access to them in the absence of prior written consent by Spectrum or permission of the Court.

3. BHG/Parker are hereby **ORDERED,** within 5 business days of entry of this Order, to provide notice of this Order to every agent, person, or entity, including, but not limited to, attorneys, to whom they have provided, or from whom they have received, any Confidential Spectrum Materials.

**IT IS FURTHER ORDERED** that all other requests for relief by Spectrum against BHG/Parker are **DENIED** and that, as between each other, Spectrum and BHG/Parker shall bear their own costs and attorneys' fees.

**IT IS FURTHER ORDERED** that, finding that there is no just reason for delay, this order shall operate as a **FINAL JUDGMENT** as to BHG and Parker pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, is final and appealable, and that immediate entry of this order by the Clerk of the Court is expressly directed.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction to enforce the permanent injunctive relief granted herein as well as any disputes between Spectrum and BHG/Parker concerning the settlement reached between them.

**IT IS FURTHER ORDERED** that this Final Judgment does not resolve any claims asserted in this action against Defendant Kellie Ann Moore, who along with Plaintiff Spectrum remains a party to this action.

**DATED**: October 7, 2026

**ENTERED**:

LaShonda A. Hunt

LASHONDA A. HUNT
United States District Judge